IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 20-cv- |
| v. ) | |
| ) | |
| RECEIVABLES MANAGEMENT PARTNERS, ) | |
| LLC; MEDUIT GROUP, LLC; and ) | |
| EHS HOME HEALTH CARE SERVICE, INC. ) | |
| d/b/a ADVOCATE HOME HEALTH SERVICES, ) | |
| ) | |
| ) | |
| ) | Jury Demanded |
| Defendants. ) | |

## COMPLAINT

Plaintiff James Clark brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"); the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"); and the Illinois Consumer Fraud Act, 815 ILCS § 505 ("ICFA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to §1692k(d) of the FDCPA, 28 U.S.C. § 1331, and 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendants transacts substantial business here.

## PARTIES

3. Plaintiff is a resident of the State of Illinois, from whom Defendants attempted to collect a debt allegedly owed for an Advocate Home Health Services consumer account.

4. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

1

5. Defendant Receivables Management Partners, LLC ("RMP") is a Delaware limited liability company that does or transact business in Illinois. RMP's registered agent is Cogency Global, Inc., located at 600 South Second St., Suite 400, Springfield, IL 62704.

6. RMP is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. RMP is licensed as a collection agency in the State of Illinois.

8. RMP is a "debt collector" as that term is defined at § 1692a of the FDCPA because it regularly collects or attempts to collect debts owed or due or asserted to be due another.

9. Defendant Meduit Group, LLC ("Meduit") is a Delaware limited liability company that does or transact business in Illinois. Meduit's registered agent is Corporation Service Company located at 251 Little Falls Drive Wilmington, DE 19808.

10. Meduit is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

11. Meduit maintains a website, https://www.meduitrcm.com/about/, wherein at time of filing of the lawsuit, it states as follows:

> **Meduit is one of the nation's leading revenue cycle management solutions companies with decades of experience in healthcare revenue cycle management, serving more than 800 hospital and large physician practices in 46 states**…

About Meduit, available at https://www.meduitrcm.com/about/ (last viewed December 30, 2020).

12. Meduit's website also describes its collection services as follows:

2



Meduit Collection Services, available at https://www.meduitrcm.com/collection-services/ (last viewed December 30, 2020).

13. Meduit collects debts owed to others, namely to "hospitals and large physician organizations."

14. Meduit is a "debt collector" as that term is defined at § 1692a of the FDCPA because it regularly collects or attempts to collect debts owed or due or asserted to be due another.

15. Defendant Advocate Home Health Services ("Advocate") is an Illinois corporation that does or transact business in Illinois. Advocate's registered agent is Michael Kerns, located at 3075 Highland Parkway, Suite 600 Downers Grove, IL 60515.

## FACTUAL ALLEGATIONS

16. Plaintiff incurred a medical debt to Advocate Home Health for personal medical services (the "Account").

17. The Account is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

18. The Account went into default, and Advocate engaged Meduit to collect the Account on Advocate's behalf.

19. Meduit, in turn, retained RMP to collect the Account on Meduit's behalf, and RMP subsequently began attempting to collect the Account from Plaintiff.

20. The total amount owed on the Account was originally $195.61.

21. On August 17, 2020, Plaintiff called Advocate and made a $30 partial payment on the Account.

22. On October 29, 2020, RMP called Plaintiff in an effort to collect the Account from Plaintiff.

23. During the phone call, Plaintiff spoke with an agent or employee of RMP.

24. The RMP representative stated that the balance on the Account was $195.61, despite Plaintiff having already paid $30 on the amount.

25. RMP attempted to collect from Plaintiff more money than was actually owed on the Account.

26. RMP's collection call to Plaintiff was a "communication" as that term is defined at § 1692a(2) of the FDCPA.

27. On October 29, 2020 Plaintiff paid the remaining balance on the Account directly to Advocate, and closed out the Account in full..

28. RMP nevertheless continued to call Plaintiff and demand payments on the Account, even though Plaintiff had paid off the Account in full and no payments were due.

29. Specifically, RMP called Plaintiff on November 6, 2020, November 18, 2020, and again on December 8, 2020 and demanded payments on the Account, even though Plaintiff had already paid off the Account and no amounts were due on the Account.

30. These additional collection calls were also each a "communication" as that term is defined at § 1692a(2) of the FDCPA.

31. 15 U.S.C. § 1692e of the FDCPA provides as follows

**False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section**
>
> **. . . (2) The false representation of**
>
> **(A) the character, amount, or legal status of any debt**

32. RMP misrepresented the amount owed on the Account by demanding full payment of $195.61 on October 29, 2020, when Plaintiff had already paid $30 on August 17, 2020, in violation of §1692ae(2)(A).

33. RMP misrepresented the amount owed on the Account by demanding full payment of $195.61 on the November 6, 2020, November 18, 2020, and again on December 8, 2020, when Plaintiff had already paid off the Account in full on October 29, 2020, in violation of §1692ae(2)(A).

34. 15 U.S.C. §1692f provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Within limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law**

35. RMP used unfair and unconscionable means to collect the Account in violation of §1692(f)(1), when RMP sought to collect the more than the amount due on October 29, 2020.

36. RMP used unfair and unconscionable means to collect the Account in violation of §1692(f)(1), when RMP sought to collect the amounts from Plaintiff on an Account he had already paid off on the November 6, 2020, November 18, 2020, and December 8, 2020 phone calls.

37. Plaintiff experienced emotional distress from speaking with the RMP representatives and arguing with them since he indicated that he had paid in full.

38. Plaintiff also experienced shaking in his hands, a fast heartbeat, and suffered a panic attack from these calls. Plaintiff is presently seeking care for these symptoms.

39. Meduit bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including RMP. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. Apr. 7, 2016).

40. Meduit is vicariously liable for the actions of its agent, RMP, in connection with RMP's attempts to collect the Account from Plaintiff.

## COUNT I—FDCPA VIOLATIONS
## AGAINST RMP & MEDUIT

41. Plaintiff re-states and re-alleges all of the above paragraphs as if set forth fully in this count.

42. RMP misrepresented the amount of the Account by demanding full payment of $195.61 on October 29, 2020, when Plaintiff has already paid $30 on August 17, 2020, in violation of §1692ae(2)(A).

43. RMP misrepresented the amount of the Account by demanding full payment of $195.61 on the November 6, 2020, November 18, 2020, and again on December 8, 2020 phone calls, when Plaintiff had fully paid off the Account on October 29, 2020, in violation of §1692ae(2)(A).

44. RMP used unfair and unconscionable means to collect the Account in violation of §1692(f)(1), when RMP sought to collect more than the amount owed on the Account on October 29.

6

45. RMP used unfair and unconscionable means to collect the Account in violation of §1692(f)(1), when RMP sought to collect the full $195.61 on the November 6, 2020, November 18, 2020, and December 8, 2020 phone calls, when Plaintiff had previously paid off the Account in full.

46. Meduit, as a debt collector, is vicariously liable for the FDCPA violations of RMP.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of himself and against Meduit and RMP as follows:

        A.        Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

        B.        Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

        C.        Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

        D.        Such other or further relief as the Court deems proper.

### COUNT II—ICFA VIOLATIONS—UNFAIR ACTS AGAINST ALL DEFENDANTS

47. Plaintiff re-states and re-alleges all of the above paragraphs as if set forth fully in this count.

1. Section 2 of ICFA prohibits unfair or deceptive acts or practices and states, in relevant part, as follows:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

48. Defendants violated Section 2 of ICFA by engaging in unfair acts in the course of conduct involving trade or commerce when dealing with Plaintiff.

49. At all times relevant, Advocate was engaged in trade or commerce in Illinois by selling medical services to residents of Illinois.

50. At all times relevant, RMP and Meduit were engaged in trade or commerce in Illinois by engaging in debt collection directed at residents of Illinois.

51. At all times relevant, Plaintiff was a consumer within the meaning of ICFA.

52. After Plaintiff paid off the Account, Advocate failed to recall the Account from Meduit and RMP, and left Meduit and RMP to continue attempting to collect and Account that Plaintiff had already paid in full.

53. Advocate's practice of not recalling consumer accounts from collection agencies after they have paid was unfair.

54.

55. Meduit and RMP attempted to collect amounts from Plaintiff that he did not owe.

56. The practice by Meduit and RMP of collecting amounts not owed was unfair.

57. Defendants intended that Plaintiff rely on their unfair actions because such actions were ongoing and were intended to force Plaintiff to pay excess amounts that he did not owe.

58. Defendants' conduct was willful, malicious, unfair, and arbitrary.

59. Defendants' actions cause substantial injury to consumers generally because:

    a) consumers reasonably expect that creditors and debt collectors will cease collection activities on accounts that are paid off in full;

    b) consumers reasonably expect that creditors and debt collectors will communicate with them truthfully and accurately regarding their accounts; and

    c) consumers reasonably expect that creditors and debt collectors will not demand payment for amounts that are not owed.

60. This practice has caused substantial injury and harm to Plaintiff.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of himself and against Defendants as follows:

    A. Actual damages;

    B. punitive damages;

    C. Costs, expenses, and reasonable attorneys' fees; and

    D. Any other relief the Court deems equitable and just.

### COUNT III—ICFA VIOLATIONS—DECEPTIVE ACTS AGAINST ALL DEFENDANTS

61. Plaintiff re-states and re-alleges all of the above paragraphs as if set forth fully in this count.

62. Advocate engaged in deceptive acts by failing to recall the Account from Meduit and RMP after Plaintiff had paid off the Account in full.

63. Such a practice results in debt collectors demanding payments from consumers of amounts that are not owed.

64. RMP engaged in deceptive acts by demanding payments from Plaintiff that he did not owe, and demanding payments on an Account that Plaintiff had already paid off in full.

65. RMP acted as Meduit's agent, and Meduit is vicariously liable for RMP's misconduct.

66.

67. Defendants intended that Plaintiff rely on their deceptive actions because such actions were ongoing and were intended to force Plaintiff to pay excess amounts that he did not owe.

68. Defendants' conduct was willful, malicious, unfair, and arbitrary.

9

69. Defendants' actions cause substantial injury to consumers generally because:

   a) consumers reasonably expect that creditors and debt collectors will cease collection activities on accounts that are paid off in full;

   b) consumers reasonably expect that creditors and debt collectors will communicate with them truthfully and accurately regarding their accounts; and

   c) consumers reasonably expect that creditors and debt collectors will not demand payment for amounts that are not owed.

70. This practice has caused substantial injury and harm to Plaintiff.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of herself and the class and against Defendants as follows:

   A. Actual damages;

   B. Punitive damages;

   C. Costs, expenses, and reasonable attorneys' fees; and

   D. Any other relief the Court deems equitable and just.

### COUNT IV—TCPA VIOLATIONS (CLASS CLAIM) AGAINST RMP & MEDUIT

71. Plaintiff re-states and re-alleges all of the above paragraphs as if fully set forth in this count.

72. During the calls from RMP that occurred on November 6, November 18, and December 8, 2020, Plaintiff was presented with a pre-recorded message that stated, "this line may be recorded," followed by a click and pause, after which a representative would come on the line.

73. Plaintiff was then connected to an RMP representative.

74. When calling Plaintiff to collect the Account, RMP used software which has the capacity to place robocalls calls to Plaintiff.

75. Section 227(b)(1)(A)(iii) of the TCPA prohibits any person within the United States from making any call using an artificial or prerecorded voice to any cellular telephone line absent the express consent of the recipient.

76. Plaintiff never consented to receiving calls to his cell phone from any Defendant using an artificial or prerecorded voice.

77. RMP's robocalls to Plaintiff's cell phone using a prerecorded or artificial voice violated Section 227(b)(1)(A)(iii) of the TCPA.

78. During all relevant times, RMP's employees, representatives, and/or agents were acting at the control and direction of Meduit, which is vicariously liable for the actions of and TCPA violations by RMP and its employees, representatives, and/or agents.

79. Upon information and belief, the business models of RMP and Meduit involve attempting to collect debts by using robocalls with prerecorded or artificial voices to call cellular telephones, regardless of whether they have consent to place such calls.

80. Upon information and believe, many of the numbers RMP and Meduit call to collect a debt are obtained by "skip-tracing," an investigative method used to obtain consumer phone numbers from online databases and credit reports, rather than from consumers themselves.

81. As a result, many of these numbers are called without express consent of the consumer, who did not provide the number in the first place.

82. Upon information and belief, RMP already keeps records and data from which it can determine which prerecorded calls it made without consent, but has elected not to engage such to prevent TCPA violations for business reasons.

83. RMP and Meduit knew about the TCPA and its restrictions on robocalls and prerecorded or artificial voices before making the calls to Plaintiff and the class, but made these robocalls to cellular phones in spite of such knowledge.

84. RMP and Meduit also knew that they did not have "prior express consent" to call phone numbers that had been obtained through skip trace or any means other than directly from the called party, or that any such consent had been revoked (i.e. when the recipient no longer owed the debt RMP was calling to collect).

85. None of the Defendants had consent to call Plaintiff about the Account after Plaintiff paid off the Account.

86. On information and belief, RMP and Meduit also used third party vendors to make calls.

87. The robocalls were annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of his cellular telephone line for other potential callers.

88. The calls were intentionally, willfully and knowingly initiated.

89. The calls were not initiated by accident or mistake.

90.

## CLASS ALLEGATIONS

91. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals defined as follows:

> All persons in the United States: (1) whose cellular telephone number, on or after four years prior to the filing of this action; (2) RMP or someone on its behalf called using the same or similar artificial or prerecorded or artificial voice used to call Plaintiff; (3) where such calling occurred without the person's express consent.

92. Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number RMP called without permission where RMP used a prerecorded or artificial voice.

93. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

   a. Whether the calls to Plaintiff and the class were made using a prerecorded message or artificial voice as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

   b. Whether RMP had prior express consent to the cell phone numbers of Plaintiff and the other members of the class; and

   c. Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

94. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases for liability to Plaintiff and the other members of the class are the same.

95. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation.

96. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, hundreds of class members, such that joinder of all members is impracticable.

97. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

98. RMP and Meduit have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

99. The identity of the class is, on information and belief, readily identifiable from the records of RMP and Meduit.

WHEREFORE, Plaintiff James Clark, individually and on behalf of the class, respectfully requests that the Court enter judgment against RMP and Meduit and for:

    A.    Certification of the class as alleged herein;

    B.    A declaration that RMP and Meduit violated the TCPA as to Plaintiff and the class;

    C.    Injunctive relief aimed at ensuring that RMP and Meduit stop violating the TCPA in the future, including:

        1.    Requiring RMP to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and

      (b) audit no less than 10% of RMP's outbound calls to ensure that RMP had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

D. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every nonconsensual call to each and every class member;

E. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Daniel Brown*
   Daniel Brown

Daniel Brown
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com


Celetha Chatman
Michael Wood
**Community Lawyers, LLC.**

15

20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By: /s/ *Daniel Brown*
Daniel Brown